USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/31/2014

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CHEFS DIET ACQUISITION CORP. d/b/a
CHEFS DIET,

Plaintiff,                                                   CASE NO: 14-CV-8467 (JMF)

v.

LEAN CHEFS, LLC, NICHOLAS ZAZZA and
ARTHUR GUNNING,

Defendants.
_____/

**PROPOSED PROTECTIVE ORDER
FOR CONFIDENTIAL INFORMATION**

WHEREAS plaintiff CHEFS DIET ACQUISITION CORP. d/b/a CHEFS DIET ("Plaintiff") and defendants LEAN CHEFS, LLC, NICHOLAS ZAZZA and ARTHUR GUNNING ("Defendants") recognize that certain information related to the subject matter of this action is sensitive and confidential, the Parties stipulate and agree as follows:

1.   **Applicability of this Protective Order:**  This Proposed Protective Order for Confidential Information (the "Protective Order") governs any trial proceedings or hearings held in this action and will also be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure or other legal process by or from, or produced on behalf of, a party in connection with this action (this information hereinafter referred to as  "Discovery Material"). As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties in this action that give testimony or produce documents or other information to parties and to non-parties;

1

"Receiving Party" shall refer to the parties in this action that receive such information, and "Authorized Recipient" shall refer to any person or entity authorized by Sections 3 and 4 of this Protective Order to obtain access to Confidential Information or the contents of such Discovery Material.

    2.    **Designation of Information:**  Any Producing Party may designate Discovery Material that is in its possession, custody, or control to be produced to a Receiving Party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential information as defined as follows:

    a.    For purposes of this Protective Order, "Confidential Information" means any data or information that constitutes, reflects, or discloses non-public, know-how, proprietary data, marketing information, financial information, and/or commercially sensitive business information or data which the designating party in good faith believes in fact is confidential or the unprotected disclosure of which might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices.  Confidential Information shall also include sensitive personal information that is not otherwise publicly available, such as home addresses; Social Security numbers; dates of birth; employment personnel files; medical information; home telephone records/numbers; employee disciplinary records; wage statements or earnings statements; employee benefits data; tax records; and other similar personal financial information.  A party may also designate as "Confidential" compilations of publicly available discovery materials, which would not be known publicly in a compiled form.

    b.    For purposes of this Protective Order, "Highly Confidential Information" means any Confidential Information as defined in Section 2(a) above that also includes extremely sensitive, highly confidential, non-public information, including but not limited to, trade secrets, business information, business dealings/dealing and/or information relating customers/prospective customers, research and development and product development

ideas/concepts and information, financial, accounting, and inventory information, including but not limited to pricing information, forecasts, budgets, customer lists, marketing plans and analyses, whether implemented or not, and other related and/or similar information, the disclosure of which could create a substantial risk of competitive or business injury to the Producing Party.  For the avoidance of doubt, "Highly Confidential Information" includes the Parties' "Customer Lists," which encompass existing customers, past customers, existing leads, and *all* persons whom the Parties have solicited or contacted at any time and for whom the Parties retain contact information in any medium.  A party may re-designate material originally "Confidential" as "Highly Confidential – Attorneys' Eyes Only" by giving notice of such a re-designation to all parties.

     3.    **Persons Authorized to Receive Confidential Information.**  The following persons may have access to materials designated as "Confidential":

     a.    A party, or officers, directors, and employees of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

     b.    Counsel for a party (including in-house attorneys, outside attorneys, and legal assistants, clerical personnel, and paralegals employed by such counsel);

     c.    Individuals at or affiliated with any insurer with responsibility for managing this litigation in connection with the insurer's potential liability to satisfy all or part of a possible judgment in this action, including, but not limited to, claims personnel, underwriters, auditors, reviewers, regulatory personnel, and outside reinsurers, who have signed the form attached hereto as Exhibit A;

     d.    this Court, including any appellate court, its support personnel, and court reporters;

     e.    stenographers engaged to transcribe depositions the Parties conduct in this action;

    f. Consulting or testifying experts retained by counsel for a party in connection with this proceeding (the "Retaining Party"), provided that any such expert (1) is not employed by or a consultant to a competitor of the party whose Confidential Information is to be disclosed (the "Other Party"); (2) is not employed by or a consultant to a supplier, customer, or entity otherwise related to the Other Party; and (3) does not have a continuing business relationship with the Other Party or its related entities beyond litigation support in this case;

    g. Any other consulting or testifying expert who is assisting counsel for a party in connection with this proceeding, provided that the requirements of Section 7 of this Order have been satisfied with respect to such expert;

    h. A testifying witness at any deposition or other proceeding this action; and

    i. Any other person as to whom the parties in writing agree or that the Court in these proceedings designates.

  4. **Persons Authorized to Receive Highly Confidential – Attorney's Eyes Only Information.** The following persons may have access to materials designated as "Confidential - Attorneys' Eyes Only":

    (a) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (b) any person a Party retains to serve as an expert or consulting witness or otherwise provide specialized advice to counsel in connection with this action;

    (c) this Court, including any appellate court, its support personnel, and court reporters;

    (d) stenographers engaged to transcribe depositions the Parties conduct in this action; and

5. For the avoidance of doubt, a Party may <u>not</u>, under any circumstance, cause or allow Highly Confidential Information to be divulged to any expert that is or at any time was an agent, representative, shareholder, officer, or employee of any Party, or to any past or present vendor of any Party, or to any entity in which any agent, representative, shareholder, officer, or employee of any Party has any interest, relation to or connection or affiliation with whatsoever.

6. Any copies, summaries, abstracts, or exact duplications of Confidential Information or Highly Confidential Information shall be marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and shall be considered Confidential Information or Highly Confidential Information subject to the terms and conditions of this Protective Order. Attorney-client communications and attorney work product regarding Confidential Information or Highly Confidential Information shall not be subject to this Section, regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Confidential Information or Highly Confidential Information.

7. With the exception of court personnel, including judges, court clerks, and court reporters, any person, prior to receiving any Confidential Information or Highly Confidential Information, shall be provided with a copy of this Protective Order and shall acknowledge in writing, in the Acknowledgement attached hereto as Exhibit A, that he or she has read this Protective Order, understands it, and agrees to be bound by it. Thereafter, the Producing Party shall obtain from such person a completed and signed copy of said Acknowledgement and serve by electronic mail a copy of said Acknowledgement upon counsel for the Other Party. Execution of an Acknowledgment by any person is an express agreement to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such Confidential Information or to this Protective Order, including any proceeding relating to the enforcement of this Protective Order.

8. Upon receipt of the information described in Section 7, the Other Party shall have ten (10) calendar days to serve a written objection to the proposed disclosure of its Confidential Information, which shall state with specificity the reasons for such objection. If counsel for the

Other Party objects within ten (10) calendar days, there shall be no disclosure to such person except by further order of the Court pursuant to a motion brought by the Retaining Party within ten (10) days of the service of the objection. On any motion brought pursuant to this Section, the Other Party shall bear the burden of showing why disclosure to that person should be precluded. Failure to timely object operates as a waiver of the Other Party's right to object to disclosure of Confidential Information to such person; likewise, failure to timely file a motion operates as a waiver of the Retaining Party's right to challenge the objection.

9. Confidential Information and Highly Confidential Information shall be used only for the purpose of conducting discovery, preparing for pre-trial proceedings, and trial of this action and not for any business, commercial, or competitive purpose or in any other litigation proceeding.

10. Confidential Information and Highly Confidential Information or the substance or context thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed to anyone other than a person permitted to have access under the terms of this Stipulated Protective Order.

11. The inadvertent failure to designate information produced in discovery as Confidential or Highly Confidential shall not be deemed, by itself, to be a waiver of the right to so designate such discovery materials as Confidential Information or Highly Confidential Information. Within a reasonable time of learning of any such inadvertent failure, the Producing Party shall notify all Receiving Parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. Disclosure of such Discovery Materials to any other person prior to later designation of the discovery materials in accordance with this Section shall not violate the terms of this Protective Order. However, immediately upon being notified of an inadvertent failure to designate, all parties shall treat such information as though properly designated and take any actions necessary to prevent any unauthorized disclosure subject to the provisions of Sections 2(a) and 2(b).

12.     Confidential Information and Highly Confidential – Attorneys' Eyes Only Information shall not include any materials which:

      a.     Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party;

      b.     Are not under law entitled to be treated as confidential;

      c.     Were independently developed after the time of disclosure by personnel who did not have access to the Producing Party's Confidential Information or Highly Confidential Information.

Notwithstanding the foregoing, compilations and/or summaries of materials may nonetheless be deemed and designated, in good faith, as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and are subject to this Protective Order even though some of the materials contained in such compilations and/or summaries may have been produced to non-parties on a non-confidential basis.

13.     Any of the parties to this action can challenge the designation of materials as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Protective Order. The signing of this Protective Order or failure of a party, at the time it receives Confidential Information, to challenge or object to the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" designation shall not be deemed a waiver of its right to challenge or object to the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" designation at any later time. In the event that any party desires to challenge at any time the designation of "Confidential" or "Highly Confidential - Attorneys' Eyes Only" materials, the challenging party shall, pursuant to Local Rule 26-7, first consult with the party that made the challenged designation and, if the parties cannot reach agreement as to the appropriate designation for such materials, may thereafter seek appropriate relief from the Court. Such motions must be filed within ten (10) calendar days of the Rule 26-7(b) conference, or else the challenge is deemed waived and the document shall be deemed non-confidential. This Protective Order will not affect the burden of

proof on any such motion, or impose any burdens upon any party that would not exist had the Protective Order not been entered. Any contested information shall continue to be treated as confidential or highly confidential and subject to this Protective Order until such time as such motion has been ruled upon.

14. If a Receiving Party learns of any unauthorized possession, knowledge, use or disclosure of any Confidential Information or Highly Confidential Information, the Receiving Party shall immediately notify in writing the Producing Party. The Receiving Party shall promptly furnish the Producing Party the full details of such possession, knowledge, use or disclosure. With respect to such unauthorized possession, knowledge, use or disclosure the Receiving Party shall assist the Producing Party in preventing its recurrence.

15. Any person in possession of Confidential Information must exercise reasonable and appropriate care with regard to the storage, custody and use of Confidential Information in order to ensure that the confidential nature of the same is maintained.

16. Any party or non-party may designate depositions and other testimony (including exhibits) as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by indicating on the record at the time the testimony is given or within thirty (30) calendar days of receiving the final transcript that the entire testimony or portions thereof shall be designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only." If a designation is made via a statement on the record during a deposition, counsel must follow up in writing within thirty (30) calendar days of receiving the transcript or video, identifying the specific pages, lines, and/or counter numbers containing the Confidential or Highly Confidential Information. If no confidentiality designations are made within the thirty (30) calendar day period, the entire transcript shall be considered non-confidential. During the thirty (30) calendar day period, the entire transcript and video shall be treated as Confidential Information (or Highly Confidential Information). All originals and copies of deposition transcripts that contain Confidential Information or Highly Confidential Information shall be prominently marked "Confidential" or "Highly Confidential –

Attorneys' Eyes Only" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal. Counsel must designate portions of a deposition transcript as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" within thirty (30) calendar days of receiving the transcript. Any DVD or other digital storage medium containing Confidential or Highly Confidential deposition testimony shall be labeled in accordance with the provisions of Sections 2(a) and 2(b).

17. Subject to any overriding rules imposed by the Court, all Confidential Information shall be filed in a sealed envelope or other appropriate sealed container on which the following shall be endorsed: (1) the caption of this Action; (2) the words (a) "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and (b) "Restricted Access According to Court Order" as an indication of the content; and (3) a statement in substantially the following form:

> This envelope, containing materials which are filed in this case by (name of party), is not to be opened or the contents thereof to be displayed or revealed except by Order of Court or consent of the parties.
>
> The Clerk of the Court is directed to maintain under seal all material filed in this Action which has been marked or designated, in whole or in part, as "Confidential" or "Confidential - Attorneys' Eyes Only" and filed in accordance with this paragraph.

18. If any Confidential Information or Highly Confidential Information is used in any pretrial Court proceeding in this action, it shall not lose its confidential status through such use, and the party using such information shall take all reasonable steps to maintain its confidentiality during such use.

19. In accordance with Federal Rule of Evidence 502(d), the parties stipulate and agree, and the Court hereby orders, that the disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing Party would be entitled in the litigation or any other federal or state proceeding. This

Protective Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d), providing that a "federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." In addition, the fact that a document or other material was disclosed shall not be used in any manner as evidence in support of any such alleged waiver. Upon a request from a party that has disclosed any document or other material which it believes may be subject to the attorney-client privilege or work product doctrine, or upon discovery by the Receiving Party that such document covered by the attorney-client privilege and/or work product doctrine may have been produced, the Receiving Party of said document or material shall return it and all copies within five (5) days to the Producing Party. After the return of the document(s) or material(s), the Receiving Party may challenge the disclosing party's claim of attorney-client privilege and/or work product doctrine by making a motion to the Court. In accordance with Federal Rule of Evidence 502(e), the Parties' foregoing stipulation and agreement on the effect of disclosure of Privileged Information is binding on the Parties regardless of whether or not the Court enters this Stipulated Protective Order for Confidential Information.

20. Nothing in this Protective Order shall bar or otherwise restrict any counsel (including a party's in-house counsel) from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying generally upon his or her examination of materials designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only," provided, however, that in rendering such advice and in otherwise communicating with his or her client, the counsel shall not disclose the content or the source of any Confidential Information or Highly Confidential Information contrary to the terms of this Protective Order.

21. The provisions of this Protective Order shall also apply to materials and deposition testimony produced by non-parties in discovery in this action, and non-parties may

designate their materials and deposition testimony as confidential in accordance with the provisions of this Protective Order.

22. Any party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within ten (10) calendar days, the non-party either request the protection of this Protective Order or notify the issuing party that the non-party does not need the protection of this Protective Order or wishes to seek different protection. Any non-party invoking the Protective Order shall comply with, and be subject to, all other applicable Sections of this Protective Order.

23. Each party acknowledges that monetary remedies may be inadequate to protect each party in the case of unauthorized disclosure or use of Confidential Information or Highly Confidential Information that the Receiving Party received through discovery in this action and that injunctive relief may be appropriate to protect each party's rights in the event there is any such unauthorized disclosure or use of Confidential Information or Highly Confidential Information.

24. The Parties each reserve (1) the right to seek or oppose additional or different protection for particular information, documents, materials, items or things, including but not limited to, the right to seek a modification of this Protective Order; and (2) the right to object to the production, disclosure and/or use of any information, documents, materials, items and/or things that a Party designates or marks as containing Confidential Information or Highly Confidential Information on any other ground(s) it may deem appropriate, including, without limitation, on the ground of attorney-client privilege, work product, and/or any other privilege or protection provided under applicable law. This Protective Order shall neither enlarge nor affect the proper scope of discovery in this Action. In addition, this Protective Order shall not limit or circumscribe in any manner any rights the Parties (or their respective counsel) may have under common law or pursuant to any state, federal, or foreign statute or regulation, and/or ethical rule.

25. If a Receiving Party (a) is subpoenaed in another action or proceeding, (b) is

served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a party to this Protective Order, seeking materials which were produced or designated as Confidential Information and/or Highly Confidential Information pursuant to this Protective Order, the Receiving Party shall give prompt actual written notice by hand, facsimile, or electronic mail transmission to all counsel of record for such Producing Party no later than five (5) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide other parties with the opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law.  The burden of opposing enforcement of the subpoena shall fall upon the party or non-party who produced or designated the discovery material as Confidential Information and/or Highly Confidential Information.  In the event a Producing Party objects to the production of the Confidential Information and/or Highly Confidential in any manner, the Receiving Party shall not disclose or produce any Confidential Information or Highly Confidential Information absent a direct court order to do so.  Compliance by the Receiving Party with any order directing production pursuant to a subpoena of any Confidential Information and/or Highly Confidential Information shall not constitute a violation of this Protective Order.  Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful order issued in another action.

26.     Within thirty (30) calendar days after the final disposition of this action, all Confidential Information and/or Highly Confidential Information produced by an opposing party or non-party (including, without limitation, any copies, extracts or summaries thereof) as part of discovery in this action shall be destroyed by the parties to whom the Confidential Information and/or Highly Confidential Information was produced, and each counsel shall, by declaration delivered to all counsel for the Producing Party, affirm that all such Confidential Information and/or Highly Confidential Information (including, without limitation, any copies, extracts or summaries thereof) has been destroyed; provided, however, that each counsel shall be entitled to retain pleadings, motions and memoranda in support thereof, declarations or affidavits,

deposition transcripts and videotapes, or documents reflecting attorney work product or consultant or expert work product, even if such material contains or refers to Confidential Information and/or Highly Confidential Information, but only to the extent necessary to preserve a litigation file with respect to this action.

27. This Protective Order may be signed in counterparts, and a facsimile or "PDF" signature shall have the same force and effect as an original ink signature.

28. The obligations of this Protective Order shall survive the termination of the action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

RESPECTFULLY SUBMITTED this October 31, 2014.

**Defendants' Counsel**

Darius Keyhani
Darius Keyhani
Meredith & Keyhani, PLLC

330 Madison Avenue, 6th Floor
New York, NY 10017
(212) 380-1325
dkeyhani@meredithkeyhani.com



**Plaintiff's counsel**

  /s/ James S. O'Brien, Jr.
James S. O'Brien, Jr.
Pryor Cashman LLP
7 Times Square
New York, NY 10036
(212) 326-0121
jobrien@pryorcashman.com

**ORDER**

IT IS SO ORDERED.

DATED this <u>  31st </u> day of <u>  October          </u>, 2014.

_[signature]_

_____
UNITED STATES DISTRICT COURT JUDGE

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review in accordance with the Court's Individual Rules and Practices for Civil Cases. To that end, this Court does NOT so order Paragraphs 16-17, to the extent they purport to authorize the parties to file documents under seal without a prior court order or deviate from this Court's Individual Rules and Practices.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CHEFS DIET ACQUISITION CORP. d/b/a
CHEFS DIET,

Plaintiff,                                                                  CASE NO: 14-CV-8467 (JMF)

v.

LEAN CHEFS, LLC, NICHOLAS ZAZZA and
ARTHUR GUNNING,

Defendants.
_____/

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____ declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job title is _____.

4. I have received a copy of the Protective Order filed in the above-entitled action, signed

by the Court on _____.

5. I have carefully read and understand the provisions of the Protective Order.

6. I certify that I am eligible to have access to materials designated as

   [ ] Confidential

   [ ] Confidential -- Attorneys' Eyes Only

under the terms of the Protective Order.

7. I agree to be bound by all provisions of the Protective Order.

8. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Information disclosed to me.

9. I will return all Confidential Information which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am retained or from whom I received it at the conclusion of my retainer or at the final termination of the litigation.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____

                                                                                                          (Signature)