IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CHEFS DIET ACQUISITION CORP. d/b/a
CHEFS DIET,

        Plaintiff,        CASE NO: 14-CV-8467 (JMF)

v.

LEAN CHEFS, LLC, NICHOLAS ZAZZA
and ARTHUR GUNNING,

        Defendants.
_____/

## DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Lean Chefs, LLC, Nicholas Zazza, and Arthur Gunning ("Defendants"), by their undersigned attorneys allege, upon knowledge as to their own conduct and otherwise upon information and belief, reply to Plaintiff Chefs Diets ("Plaintiff) Complaint as follows:

    1.    Paragraph 1 of the Complaint asserts conclusions of law to which no responsive pleading is required, and to the extent any responsive pleading is required deny statements made in paragraph 1 of the Complaint.

    2.    Defendants deny the allegations contained in paragraphs 2-6 of the Complaint.

    3.    Defendants lack sufficient knowledge and information with respect to the allegations contained in paragraph 7 and the allegations contain conclusions of law to which no responsive pleading is required, to the extent any responsive pleading is required deny the allegations contained in paragraph 7 of the Complaint.

    4.    Defendants admit allegations contained in paragraph 8 of the Complaint.

    5.    Defendants admit that Zazza is a natural person who is a resident of New Jersey, otherwise deny the allegations contained in paragraph 9 of the Complaint.

6. Defendants deny the allegations contained in paragraph 10 of the Complaint.

7. Defendants admit that Zazza was a principal of Digi Analytics and provided telecommunication services and office space to the Plaintiff until on or about June 2011, otherwise deny the allegations contained in paragraph 11 of the Complaint.

8. Admit that Arthur Gunning is a natural person who resides in New York, otherwise Defendants deny the allegations contained in paragraph 12 of the Complaint.

9. Paragraphs 13-15 assert conclusions of law to which no responsive pleading is required, and to the extent any responsive is required Defendants deny statements made in paragraphs 13-15 of the Complaint.

10. Defendants deny the allegations contained in paragraphs 16-26 of the Complaint.

11. Defendants admit that Zazza and Gunning helped launce Lean Chefs in 2013, otherwise deny the allegations contained in paragraph 27 of the Complaint.

12. Defendants admit that the words quoted appear on Defendants' website located at leanchefs.com, but otherwise deny the allegations contained in paragraph 28 of the Complaint.

13. Defendants deny the allegations contained in paragraphs 29-60 of the Complaint.

14. Paragraphs 61-63 assert conclusions of law to which no responsive pleading is required, and to the extent any responsive pleading is required deny statements made in paragraphs 61-63 of the Complaint.

15. Defendants repeat and reallege its responses to all prior paragraphs repeated and realleged in paragraphs 64 of the Complaint.

16. Defendants deny the allegations contained in paragraphs 65-74 of the Complaint.

17. Defendants repeat and reallege its responses to all prior paragraphs repeated and realleged in paragraph 75 of the Complaint.

18. Defendants deny the allegations contained in paragraphs 76-82 of the Complaint.

19. Defendants repeat and reallege its responses to all prior paragraphs repeated and realleged in paragraph 83 of the Complaint.

20. Defendants deny the allegations contained in paragraphs 84-93 of the Complaint.

Defendants repeat and reallege its responses to all prior paragraphs repeated and realleged in paragraph 94 of the Complaint.

22. Defendants deny the allegations contained in paragraphs 95-101 of the Complaint.

23. Defendants repeat and reallege its responses to all prior paragraphs repeated and realleged in paragraph 102 of the complaint.

24. Defendants deny the allegations contained in paragraphs 103-109 of the Complaint.

25. Defendants repeat and reallege its responses to all prior paragraphs repeated and realleged in paragraph 110 of the Complaint.

26. Defendants deny the allegations contained in paragraphs 111-119 of the Complaint.

27. Defendants repeat and reallege its responses to all prior paragraphs repeated and realleged in paragraph 120 of the Complaint.

28. Defendants deny the allegations contained in paragraphs 121-124 of the Complaint.

29. Defendants repeat and reallege its responses to all prior paragraphs repeated and realleged in paragraph 125 of the Complaint.

30. Defendants deny the allegations contained in paragraphs 126-133 of the Complaint.

31. Defendants repeat and reallege its responses to all prior paragraphs repeated and realleged in paragraph 134 of the Complaint.

32. Defendants deny the allegations contained in paragraphs 135-139 of the Complaint.

33. Defendants repeat and reallege its responses to all prior paragraphs repeated and realleged in paragraph 140 of the Complaint.

34. Defendants deny the allegations contained in paragraph 140-147 of the Complaint.

35. Defendants repeat and reallege its responses to all prior paragraphs repeated and realleged in paragraph 148 of the Complaint.

36. Defendants deny the allegations contained in paragraph 149-154 of the Complaint.

37. Defendants repeat and reallege its responses to all prior paragraphs repeated and realleged in paragraph 155 of the Complaint.

38. Defendants deny the allegations contained in paragraphs 156-161 of the Complaint.

### DENIAL OF PLAINTIFF'S PRAYER FOR RELIEF AND GENERAL DENIAL

Defendants deny that Plaintiff is entitled to any requested relief and deny each and every remaining allegation contained in Plaintiff's Complaint which have not been previously admitted, denied or answered.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiff's claims, on one or more counts set forth therein, fail to state a claim on which

relief can be granted.

### Second Affirmative Defense

Plaintiff's equitable claims are barred, in whole or in part, by reason of unclean hands.

### Third Affirmative Defense

Plaintiff is barred, in whole or in part, by the doctrines of waiver, acquiescence and estoppel.

### Fourth Affirmative Defense

Plaintiff's trademark infringement claims are barred because the mark CHEFS DIET allegedly infringed is invalid for being generic.

### Fifth Affirmative Defense

Plaintiff's alleged trade secret misappropriation claims are barred because the alleged trade secret information was not maintained secret and is not entitled to trade secret protection.

### Sixth Affirmative Defense

Plaintiff's alleged trade secret misappropriation claims are barred because the alleged trade secret information is readily ascertainable and publicly available.

### Seventh Affirmative Defense

Plaintiff's claims are barred or must be reduced because of its failure to mitigate its alleged damages.

### RESERVATION OF RIGHTS

Defendants hereby reserve the right to assert additional affirmative defenses if such defenses are discovered during the course of litigation.

Date: December 23, 2015                              Respectfully submitted,

/s/ Dariush Keyhani
Dariush Keyhani

                                          Meredith & Keyhani, PLLC
                                          125 Park Avenue, 25th Floor
                                          New York, New York 10017
                                          (212) 760-0098 Telephone
                                          (212) 380-1325 Direct Line
                                          (212) 202-3819 Facsimile
                                          dkeyhani@meredithkeyhani.com