**GOLENBOCK EISEMAN
ASSOR BELL & PESKOE LLP**

Attorneys at Law | 437 Madison Ave., New York, NY 10022-7020
T (212) 907-7300  |  F (212) 754-0330  |  www.golenbock.com

*Martin S. Siegel*
*Direct Dial No.: 212-907-7363*
*Direct Fax No.: 212-754-0777*
*Email Address: msiegel@golenbock.com*

April 26, 2016

**VIA ECF**

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

      Re:    *Chefs Diet Acquisition Corp. v. Lean Chefs, LLC, et al.*, No. 14-CV-8467 (JMF)

Dear Judge Furman:

      We represent Plaintiff Chefs Diet Acquisition Corp. ("Plaintiff") in the above-captioned action.  As Your Honor is aware, Defendants filed two motions on February 22, 2016:  (1) Motion for Summary Judgment; and (2) *Daubert* Motion to Exclude the Testimony of Mario Perez.  Plaintiff filed its opposition papers to both motions on March 31, 2016.  Defendants filed reply papers on April 21, 2016.  Each of Defendants' reply papers improperly raised new matters for which Plaintiff did not have an opportunity to respond.  Pursuant to the Court's Individual Rule 3(D), we respectfully request leave to file a brief response to each of Defendants' Reply Memoranda concerning the discrete new issues raised by Defendants in their reply papers.  Copies of Plaintiff's proposed Responses are attached hereto as Exhibit A and B.

      In its opposition to Defendants' Motion for Summary Judgment, Plaintiff demonstrated that CDAC's employees and vendors knew of their obligations to maintain the confidentiality of CDAC's Customer List.  Plaintiff submitted the Declarations of Brenda Utilla and Joseph Maniscalco, both of whom were previously deposed in this action, to support these facts.  Dkt. 107-2 and 108.  In response, Defendants, for the first time in their Reply, submitted the declarations of two of CDAC's former employees and one former vendor.  Dkt. 113.  Those former employees and vendor were never deposed in this action.  As explained in Plaintiff's proposed Response to Defendants' Reply Memorandum, these additional affidavits contain new facts which were available to Defendants when they submitted their Motion and were improperly first submitted by Defendants on reply.  Therefore, they should be disregarded by the Court.  *See, e.g.*, *Aurora Loan Servs., Inc. v. Posner, Posner & Associates, P.C.*, 513 F. Supp. 2d 18, 20 (S.D.N.Y. 2007).

2520932.1

**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE** LLP

Hon. Jesse M. Furman
April 26, 2016
Page 2

      In their Reply to the *Daubert* Motion, Defendants also raise new arguments and new facts. For the first time in their Reply, Defendants argue that Plaintiff's damages expert, Mario Perez, should have physically attached the documents he considered to his Report, rather than list them in Appendix A to his Report. Dkt. 114 at 3. As explained in Plaintiff's proposed Response to Defendants' Reply, such attachments are not required under Federal Rule of Civil Procedure 26(a)(2)(B). *See Lab Crafters, Inc. v. Flow Safe, Inc.*, No. 03 Civ. 4025, 2007 WL 7034303, at *5 (E.D.N.Y. Oct. 26, 2007). Defendants also argue, for the first time, that "Plaintiff did not provide Defendants with any documents purportedly relied upon by Mr. Perez until November 19, 2015" and therefore it would have been "impossible" to provide those documents to their rebuttal expert. Dkt. 114 at 3-4. This is directly contradicted by the fact that Plaintiff produced virtually those same documents to Defendants on July 31, 2015, which was months prior to Mr. Perez's Report and Defendants' expert report. Dkt. 105-5. Had Defendants raised this argument in their Motion papers, Plaintiff would have submitted a declaration showing that those same documents were provided to Defendants on July 31. A proposed declaration is annexed to the proposed Response as Exhibit 1.

      For the reasons stated above, Plaintiff respectfully requests leave to file its proposed Responses to Defendants' Reply Memorandum, which are attached as Exhibits A and B.

                                                       Respectfully submitted,

                                                       Martin S. Siegel

cc: Darius Keyhani, Esq. (via e-mail and ECF)
     Frances Stephenson, Esq. (via e-mail and ECF)

2520932.1