**MEREDITH & KEYHANI, PLLC**
125 Park Avenue, 25th floor
6th Floor
New York, New York 10017
212-760-0098
Facsimile: 212-202-3819
www.meredithkeyhani.com
_____
Writer's Direct Email:
dkeyhani@meredithkeyhani.com
Direct Dial:  212-380-1325

April 27, 2016

**VIA ECF**

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room, 2202
New York, NY 10007

Re:  <u>Chefs Diet Acquisition Corp. v. Lean Chefs et al</u>., No. 14-CV-8467 (JMF)

Dear Judge Furman:

  Our firm represents the Defendants in the above referenced matter.  We write this letter in response to Plaintiff's counsel's April 26, 2016 letter to the Court.  Plaintiff's counsel requests leave to file a response to Defendants' Reply memoranda, arguing that Defendants improperly raise new issues and evidence in their reply papers.  This argument is without merit.  Contrary to Plaintiff's contention, the issues discussed in each of Defendants' replies respond to matters placed in issue by Plaintiff in its opposition briefs.  "Clearly, reply papers may properly address new material issues raised in the opposition paper."  *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1234-35 (S.D.N.Y. 1991); *Kowalski v. YellowPages.com, LLC*, No. 10 CIV. 7318 PGG, 2012 WL 1097350, at *10 (S.D.N.Y. Mar. 31, 2012); *Bonnie & Co. Fashions v. Bankers Trust Co.*, 945 F. Supp. 693, 708 (S.D.N.Y. 1996)(denying plaintiffs' motion for leave to file additional affidavits where no new reasons for summary judgment were introduced by defendant and supporting affidavits addressed claims made in plaintiffs' opposition).

  First, in the case of Defendants' motion for summary judgment, Defendants' submitted declarations in connection to its reply that directly respond to evidence Plaintiff raised *for the first time* in its opposition briefing.  Specifically, Plaintiff's opposition presents declaration testimony of Brenda Utilla, a paid consultant and former auditor of CDAC, regarding a *document* that was never produced during discovery or at any point in this case prior to Plaintiff's

opposition.[1]  In its opposition, Plaintiff relies upon Utilla's testimony and the ZoneChefs Policy Manual[2] for the proposition that former salesmen and employees of Zone Chefs and Chefs Diet, CDAC's predecessor companies, including Michael McDonnell specifically, had signed an acknowledgment of confidentiality required by the policy manual.

To rebut this new evidence raised for the first time in Plaintiff's opposition, Defendants obtained declaration testimony from CDAC and its predecessor companies' former employees. Michael McDonnell, CDAC and its predecessor companies' former sales manager, testified in a declaration under oath that he never signed such a document, was unaware of a policy manual, and was not aware of any of his sales people signing such a document.  Declaration of Micahel McDonnell, ¶7 (April 14, 2016).  Defendants also presented a declaration of Louis Martinez, owner of Esquire, Ltd., a delivery services company, who also testified under oath that at no time during his 12 years with CDAC or its predecessor companies, including Zone Chefs, did he or any of his drivers ever see or sign such a document.  Declaration of Louis Martinez, ¶¶ 6, 8 (April 21, 2016).

In addition to the ZoneChefs Policy Manual, Ms. Utilla also provides testimony, for the first time, that CDAC held special meetings regarding the confidentiality of documents.  To address this claim, Defendants obtained declaration testimony of former CDAC employee, Amatullah Hadi, who testified that she never attended any meetings regarding the confidentiality of customer data.[3]  Declaration of Amatullah Hadi, ¶¶ 4-5 (April 13, 2016).  Martinez and McDonnell also denied Utilla's claims regarding these meetings.  Martinez Decl., 9; McDonnell Decl., ¶¶ 8-9.

Second, Plaintiff's arguments with respect to Defendants' *Daubert* motion are similarly without merit.  Defendants' *Daubert* motion challenges the methodology of Perez's report.  It does not challenge the sufficiency of Perez's report on the grounds that it did not include exhibits to his expert report.  Defendants' discussion regarding Attachment A and the documents referenced therein, was raised in response to Plaintiff's argument that Defendants' expert had not reviewed them.  Defendants were simply pointing out that Defendants' expert had not reviewed the documents because they were not produced when they should have been.

It is important to note that while Attachment A lists documents referenced, it does not include any document production numbers in connection to those references.  Plaintiff's

---

[1] The document Utilla testifies about is an alleged policy manual that she claims to have just found.  As noted in Defendants' reply memorandum, the purported "ZoneChefs Policy Manual" was never produced during discovery in this case and was first referenced by Brenda Utilla in her declaration in opposition to Defendants' motion for summary judgment.  *See* Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, p. 3 (April 21, 2016)(Dkt. # 112); Declaration of Brenda Utilla in Opposition to Defendants' Motion for Summary Judgment, ¶¶ 6, 9 (March 30, 2016) (Dkt. # 108).

[2] In its Proposed Response to New Matters Raised in Defendants' Reply Memorandum on Their Summary Judgment Motion, Plaintiff argues that the declarations of Plaintiff's former employees submitted by Defendants should be disregarded.  If any document should be disregarded, it is the never-before disclosed ZoneChefs Policy Manual—not Defendants' evidence responding to it.

[3] It should be noted that contrary to Plaintiff's claim in its proposed response to Defendants' reply memorandum, both Amatullah Hadi and Michael McDonnell were in fact included in Plaintiff's own Fed. R. Civ. P. 26(a)(1) initial disclosures served on December 22, 2014, which Defendants incorporated by reference.

argument that Plaintiff produced "virtually" those same documents is irrelevant.  Defendants had no way to know whether Plaintiff did or did not produce the documents referenced in Attachment A unless Plaintiff included production numbers.  Nevertheless, whether those documents were or were not produced has no bearing on the bases for which Defendants challenge the sufficiency of Perez's report.  Therefore, Plaintiff should not be permitted to file a reply relating to this issue.

In sum, Plaintiff's argument that Defendants' reply papers improperly raise new matters is patently meritless.  As precedent makes clear, there is no question that Defendants are entitled to present evidence to rebut the new evidence presented by Plaintiff in its opposition to Defendants' motions.  Accordingly, Defendants respectfully request that Plaintiff's request for leave to file sur-replies in connection with Defendants' Motion for Summary Judgment and *Daubert Motion* be denied.

Respectfully submitted,

s/Darius Keyhani
Darius Keyhani

cc:  Plaintiff's counsel (via ECF)